IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LARRY COLE, DEBRA COLE and**
**MISSISSIPPI FARM BUREAU MUTUAL**
**INSURANCE COMPANY** **PLAINTIFFS**

**VS.** **CIVIL ACTION NO. 4:05CV114LN**

**TPI CORPORATION** **DEFENDANTS**

## ORDER

This matter came before the court on several Motion filed by the Defendant. The court has reviewed those Motions, and it's rulings are as follows:

1. **Motion by TPI Corporation to Compel Discovery Against Plaintiffs Larry Cole and Debra Cole:** This Motion alleges that the individual Plaintiffs[1] have not adequately responded to its discovery requests. The Motion was filed on May 22, 2006, and, as of this date, no response has been submitted. Therefore, the Motion will be granted as confessed.

2. **Motion by TPI Corporation to Compel Discovery Against Plaintiff Mississippi Farm Bureau Mutual Insurance Company:** This Motion alleges that the corporate Plaintiff has not adequately responded to its discovery requests. The Motion was filed on May 22, 2006, and, as of this date, no response has been submitted. Therefore, the Motion will be granted as confessed.

---

[1] The docket reflects that a Suggestion of Death as to Plaintiff Debra Cole has been filed by the Defendant.

3. **Motion to Strike Attachments:**  This Motion related to the attachment to a Protective Order that has already been granted by the court; therefore, it is moot.

4. **Motion to Quash 30(b)(6) Deposition Notice of Defendant TPI Corporation:** The court has reviewed this Motion, which it will construe as a Motion for a Protective Order, and notes that it is not accompanied by a Certificate of Good Faith. Fed. R. Civ. P. 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge."  Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order.

This requirement is not an empty formality.  On the contrary, it has been the court's experience that obliging attorneys to certify to the court that they have conferred in good faith results, in a large number of cases, in counsel's resolving their discovery disputes without court intervention.  Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue; instead, the court requires both attorneys to certify that they conferred on the discovery issues in an attempt to resolve them.

Because no Certificate of Good Faith is attached to the Motion for Protective Order, that motion will be denied. This denial is without prejudice to the Defendant's right to file a subsequent Motion for Protective Order with the appropriate attachment.

5. **Motion for Extension of Time to Complete Discovery:** This Motion seeks an extension of time through August 4, 2006, within which to complete discovery, citing as cause the pendency of certain depositions. According to the Defendant, there is no opposition to the Motion, and it will not delay the submission of dispositive motions.[2] Therefore, this Motion will be granted.

6. **Motion for Protective Order:** This Motion was filed by the Defendant to prevent discovery as to certain issues, including its financial condition. It is not accompanied by a Certificate of Good Faith, and it will, therefore, be denied for the reasons discussed above. However, for purposes of assisting counsel in conferring about these matters, the court notes that its usual practice is to require a Defendant to bring information regarding its financial condition to trial, to be disclosed after adequate proof of conduct that could result in an award of punitive damages.

IT IS, THEREFORE, ORDERED as follows:

1. The Defendant's Motion to Compel Discovery from Larry Cole and Debra Cole and its Motion to Compel Discovery from Mississippi Farm Bureau are hereby **granted**.

2. The Motion to Strike Attachments is **denied as moot**.

---

[2] The Defendant has already filed a Motion for Summary Judgment.

3

3. The Motion to Quash 30(b)(6) Deposition and the Motion for Protective Order are hereby **denied**.

4. The Motion for Extension of Time to Complete Discovery is hereby **granted**, and the parties have until August 4, 2006, within which to complete discovery in this matter.

IT IS SO ORDERED, this the 10th day of July, 2006.

                                                    S/John M. Roper
                                    UNITED STATES MAGISTRATE JUDGE