```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION


LARRY COLE, DEBRA COLE AND
MISSISSIPPI FARM BUREAU MUTUAL
INSURANCE COMPANY                                      PLAINTIFFS


VS.                                CIVIL ACTION NO. 4:05CV114LR


TPI CORPORATION                                         DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on motions by defendant TPI Corporation (TPI) to strike, or in the alternative, to limit the expert testimony of Dr. John Owens and to strike plaintiffs' experts Eric Reynolds and Anthony Berry, and a related motion by TPI for summary judgment. Plaintiffs Larry Cole and Debra Cole and Mississippi Farm Bureau Insurance Company (Mississippi Farm Bureau) have responded in opposition to these motions and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that defendants' motions should be denied.

Plaintiffs have filed this product liability action contending that a January 23 fire which damaged their home was caused by a defect in a wall heater manufactured by TPI. On February 3, 2003, Eric Reynolds, a state certified fire investigator, went to the home and investigated the fire on behalf of the Coles' insurer, Mississippi Farm Bureau Insurance Company.

As reflected in a February 5, 2003 letter sent by Reynolds to Dr. John Owens, an electrical engineer, he concluded that "the fire originated as the result of a cardboard box and other nearby combustibles being ignited by a TPI heater," which "was in the 'off' position at the time of the fire." According to the letter, the Coles' 13-year old son, who was home alone, had smelled smoke, and upon investigation, found "the wall above and the box in front of the heater on fire." Reynolds further indicated that upon interviewing the insured, he was informed that in the ten years preceding the fire, the heater had rarely been used (no more than four times) and had last been used approximately four years prior to the fire. Reynolds wrote, "Obviously, there was a malfunction with the controls of the heater."

After inspecting and testing the heater, Dr. Owens prepared a report dated February 15, 2003, which stated, "[I]t is clear that the heater spontaneously came on in response to a decrease in ambient temperature, even though its control was in the off (full counterclockwise position), and ignited the combustibles located in front of it." Upon receiving Owens' report, Reynolds then prepared a report to the insurer dated March 13, 2003 setting forth his conclusion that the fire was accidental and occurred as a result of a malfunction of a TPI electric wall heater in the dining room of the home and ignition of combustibles in front of the heater.

Plaintiffs filed the present action on May 27, 2005 in the Circuit Court of Neshoba County, Mississippi.  Following TPI's removal of the case, a case management order was entered by this court on September 5, 2005 which established April 17, 2006 as the deadline for plaintiffs to file their expert designations. Plaintiffs timely filed a designation of experts on April 17 in which they identified three experts and their anticipated testimony, as follows:  (1) Dr. John K. Owens was designated to give testimony regarding the defective nature of the subject heater, and to testify, among other things, that the subject heater was defective because "it is possible for the subject heater to turn itself on while in the 'OFF' position when being subjected to non-extreme temperatures;" (2) Eric Reynolds was designated to testify as to "the cause of the fire being the TPI electric wall heater, damage to the Coles' home and the losses the Coles sustained," and specifically to testify that "the fire originated as a result of a cardboard box and other combustibles igniting when the subject heater turned itself on while in the 'OFF' position;" and (3) Anthony Berry, a Mississippi Farm Bureau claim adjustment professional, was designated to testify regarding the damages and losses sustained by the Coles and the process by which the amount of the total property damage loss was ascertained.

TPI has moved to strike plaintiffs' experts on various grounds, among which is alleged spoliation of evidence. According to TPI, evidence from the fire scene, including the TPI heater at issue, was allowed to be destroyed and/or removed and the scene was allowed to be repaired to its pre-fire condition, all without any notice to TPI, despite the fact that plaintiffs' experts Reynolds and Owens concluded early on that the fire was caused by a defect in the TPI heater and despite the further fact that plaintiffs' counsel and their experts knew whom to contact at TPI to report the fire. TPI contends that as a result of these actions, its ability to defend in this case has been severely prejudiced, so much so that the only appropriate sanction is to bar the evidence produced by plaintiffs' actions, namely, their experts' testimony.

The Mississippi Supreme Court has held that "[w]hen evidence is lost or destroyed by one party (the 'spoliator'), thus hindering the other party's ability to prove his case, a presumption is raised that the missing evidence would have been unfavorable to the party responsible for its loss." Thomas v. Isle of Capri Casino, 781 So. 2d 125, 133 (Miss. 2001). The court explained the rationale for this presumption as follows: "'[S]poliation and all similar conduct is receivable against [a party] as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred

the fact itself of the cause's lack of truth and merit.'" Id. (quoting 2 J. Wigmore, Evidence § 278, at 133 (J. Chadbourn rev. 1979).

Plaintiffs insist that the facts do not support a finding of spoliation of evidence. First they note that there was nothing about the fact of the repair of their home to suggest any desire to mislead or to suppress the truth. See Estate of Perry ex rel. Rayburn v. Mariner Health Care, Inc., 927 So. 2d 762, 767 (Miss. Ct. App. 2006) (presumption or inference that evidence would have been unfavorable to spoliator's case arises "only when the spoliation or destruction was intentional and indicates fraud and a desire to suppress the truth, and it does not rise where the destruction was a matter of routine with no fraudulent intent"). They contend moreover, that they did not fail to preserve all relevant evidence. They point out that the heater itself was removed from the scene and preserved and made available to TPI for inspection and testing. They further note that representatives from Mississippi Farm Bureau took numerous pictures of the fire scene, including photographs of every room in the house, the exterior of the home and the heater itself. Additionally, the Mississippi Farm Bureau fire investigator, Reynolds, and the Arlington Volunteer Fire Department inspected the home and made notes. These notes and photographs have since been provided to TPI in discovery.

5

TPI does not dispute that it received these documents, and that it has been given access to the allegedly defective heater. Nor, for that matter, does it dispute that the photographs accurately and adequately depict the fire scene and particulars thereof. TPI simply declares, without elaboration or substantiation, that it should have been given physical access to the fire scene itself before the home was repaired, and that the lack of such access has caused it to be "severely prejudiced."[1] In the court's opinion, the facts do not support a conclusion that plaintiffs' intentionally or even negligently destroyed critical evidence. TPI has not demonstrated that its ability to defend plaintiffs' allegations has, in fact, been hindered by any actions taken by plaintiffs or persons acting on their behalf and therefore, its motion to strike plaintiffs' experts' testimony based on spoliation will be denied.

TPI next challenges the legal sufficiency of Dr. Owens' expert opinions under <u>Daubert v. Merrell Dow Pharmeceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

---

[1] In response to plaintiffs' argument, TPI states, "[p]laintiffs' arguments that its experts preserved the fire scene by taking pictures rings hollow, as Plaintiffs withheld those photographs from TPI and did not even disclose that the photographs existed until three and ½ years after the fire." The relevant fact for purposes of evaluating TPI's spoliation allegation is not <u>when</u> the evidence was produced, but rather whether the evidence was adequately preserved.

6

Federal Rule of Civil Procedure 702 governs the admissibility of expert testimony and provides that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Interpreting Rule 702 in Daubert, the Supreme Court instructed district courts to act as "gatekeepers" to ensure that expert scientific testimony is both reliable and relevant before admitting it into evidence. An opinion is "relevant" if it will assist the trier of fact in resolving factual disputes. Considerations pertinent to whether an expert's proffered opinion is reliable may include (1) whether his theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential error rate of the methods used and the existence and maintenance of standards controlling the technique's operation; (4) whether the theory or method has been generally accepted by the scientific community; and (5) the existence and maintenance of standards and controls. Moore v. Ashland Chemical, Inc., 151 F.3d 269, 276 (5th Cir. 1998).

TPI contends that Dr. Owens' opinion does not pass the reliability prong of the Daubert inquiry. It reasons that his

7

opinion is based on testing of the heater after it had been exposed to the fire, and contends that because exposure to the fire would have altered the performance of the thermostat, it follows that the test results are unreliable.  It further argues that Dr. Owens' report does not contain information on standards applicable to manufacturers of heaters, thermostats or switches, and does not provide a basis for his opinion that the TPI heater in question was "defectively designed."

In another case against TPI in which the plaintiffs sought to use Dr. Owens' testimony to support their claim that a similar TPI heater turned on spontaneously, resulting in a fire, the court rejected a Daubert challenge, observing that "[w]hile defendant may well have some potentially profitable areas for cross-examining and impeaching Dr. Owens as a witness," he would still be allowed to testify. State Farm Fire & Casualty Co. v. TPI Corp., 3:04cv171, at 2 (N.D. Miss. Nov. 3, 2005).  The court emphasized that "the mere fact that a witness' testimony and/or methodologies might arguably contain some weaknesses does not necessarily mean that this witness should be excluded under Daubert."  Id.  Although the specific challenge to Dr. Owens' testimony in this case may not be the same as was advanced in the State Farm case, Judge Mills' observations are equally apt here. Dr. Owens will be allowed to testify.

8

TPI seeks to strike plaintiffs' designation of Eric Reynolds and Anthony Berry for failure to comply with Federal Rule of Civil Procedure 26(a)(2) and Uniform Local R. 26.1(A)(2), which require that a party's expert witness designation must be accompanied by "a written report prepared and signed by the witness." According to TPI, it received Reynolds' report on May 15, 2006, nearly a month after his April 17, 2006 designation; it has never received an expert report from Berry; and it has not received a curriculum vitae or resume for either expert.

In response to TPI's motion, plaintiffs do not deny they failed to produce expert reports for these witnesses at the time of their designations. They submit, though, that this is no basis for striking their testimony, particularly since TPI has suffered no prejudice as a result of their omission. According to plaintiffs, TPI has long been aware of both witnesses' proposed testimony. As to Reynolds, in particular, plaintiffs note that on September 8, 2005, they identified Reynolds to TPI and disclosed his February 5, 2003 letter to Dr. Owens, which set forth his essential opinion regarding the cause of the fire. This was thus at all times available to TPI. Then on March 8, 2006, the February 5, 2003 letter was produced to TPI, shortly after his designation as an expert. The opinions set forth in Reynolds' report, produced to TPI on March 15, 2006, are the very same opinions set forth in the letter and summarized in the

designation.  In the court's opinion, striking Reynolds' testimony is not justified under these circumstances.[2]

The court also rejects TPI's request to strike the expert designation of Anthony Berry.  Although a separate report was not furnished, plaintiffs did fully apprise TPI of the substance of Berry's anticipated testimony in their designation.  They further explain that they had previously provided documentation in support of his testimony, including copies of all checks paid as a result of the damages caused by the fire, a sworn statement of loss, and an itemization of each item for which Farm Bureau paid, including relevant depreciation details and the estimate for repairing the Cole home.  Given the wealth of information that has been provided, TPI cannot legitimately claim prejudice by the omission of Berry's expert report and plaintiff's expert designation will not be stricken at this time.  However, plaintiff shall file a complete expert designation, in accordance with Federal Rule of Civil Procedure 26(a)(2) and Local Rule 26.1(A)(2), on or before September 8, 2000.  Failure to serve a complete designation will result in sanctions, which may include the striking of the Berry expert designation.

---

[2] TPI's sole argument in support of its motion for summary judgment is that because plaintiffs did not properly and timely designate an expert witness to testify on the subject of cause and origin, plaintiffs cannot establish their claim in this cause. Because the court concludes that the motion to strike Reynolds' testimony should be denied, it follows that the motion for summary judgment will be denied.

Based on the foregoing, it is ordered that TPI's motions to strike and for summary judgment are denied.

SO ORDERED this 23rd of August, 2006.

<pre>
                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE
</pre>